**The MAY DEPARTMENT STORES COMPANY, Petitioner,**

v.

**DISTRICT OF COLUMBIA, Respondent.**

**No. 19250.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 3, 1965.

Decided June 30, 1966.

Petition for Rehearing Denied Sept. 27, 1966.

Mr. Philip S. Peyser, Washington, D. C., for petitioner.

Mr. Robert E. McCally, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Acting Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for respondent.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

Petitioner is the successor by merger of the Hecht Company, a former Maryland corporation which operated several department stores in the Washington area, including one in the District of Columbia. The former Hecht Company stores are now operated as the Washington Division of Petitioner. This case comes to us on a Petition to Review a decision of the District of Columbia Tax Court holding valid the District's de-

ficiency Franchise Tax assessment against Petitioner of $70,995.72 plus interest, for the fiscal year ended January 31, 1961 (described by Petitioner and herein as the 1961 fiscal year).

On February 2, 1959, the beginning of the 1960 fiscal year, the Hecht Company and Petitioner merged. For that fiscal year Petitioner continued the Hecht Company's practice of reporting net income (the measure of the Franchise Tax) by the use of a formula adopted by the Commissioners of the District of Columbia; under this there was apportioned to the District that portion of net income which sales in the District bore to Petitioner's sales everywhere. The only difference from The Hecht Company's practice was that all Petitioner's nationwide operations were taken into account in the apportionment formula, rather than simply The Hecht Company's local operations. Petitioner also continued to use the accrual method of accounting in the Washington Division, although Petitioner's other store operations were accounted on the installment method.

For the subsequent years Petitioner decided to bring the Washington Division into conformity with the rest of its operations by adopting for the Washington Division the installment method of reporting sales income. On January 28, 1960, it secured a ruling from the Commissioner of Internal Revenue approving this change for federal income tax purposes. On the authority of D.C.CODE § 47–1561c, providing that such approval is sufficient to permit a change of accounting for D.C. Franchise Tax purposes as well, Petitioner filed its Franchise Tax return for the fiscal year ended January 31, 1961, using the installment method. The use of the installment method had the effect of deferring gross profit of $5,501,458 relating to installment sales of the Washington Division. Using apportionment within the Division, $2,482,808 of this deferral was attributable to the District of Columbia store.

When Petitioner filed its return for the fiscal year 1961—the year in issue—it used a separate accounting method for the Washington Division, which purported to arrive at the profit or loss of the Division, without figuring the profit or loss for the whole company and then apportioning according to the approved formula. Thus, Petitioner used the apportionment formula only for assigning to the D.C. store the proper share of the Washington Division's sales income. (In subsequent years Petitioner reverted to use of the apportionment formula on a nationwide base, as it had done in the 1960 fiscal year.) Because use of the installment method resulted in a substantial deferral of profit and because the use of separate accounting resulted in the attribution of all that deferral to the Washington Division (a large part to the D.C. store), Petitioner's Franchise Tax return for the 1961 fiscal year showed no net income, although the Washington store actually operated at a profit in excess of one million dollars absent the deferral.

Some three years later Respondent District of Columbia made a deficiency assessment against Petitioner for the 1961 fiscal year, on the theory that Petitioner's nationwide operation was unitary and that the Washington Division was therefore not capable of separate accounting for Franchise Tax purposes. Application of this theory by the District of Columbia operated so that the profit deferral resulting from the Washington Division's accounting change was distributed throughout the country, as were Petitioner's nationwide profits. As a consequence, $1,435,118.55 of Petitioner's nationwide net income was apportioned to the District of Columbia, and a tax deficiency of $70,995.72 was found.

D.C.CODE § 47–1580a provides:

Where the net income of a corporation * * * is derived from sources both within and without the District, the portion thereof subject to tax under this subchapter shall be determined under regulation or regulations

prescribed by the Commissioners. The Assessor is authorized to employ any formula or formulas provided in any regulation or regulations prescribed by the Commissioners under this subchapter which, in his opinion, should be applied in order to properly determine the net income of any corporation * * * subject to tax under this subchapter.

The Tax Court applied the apportionment formula prescribed in section 10.2–(c) of the regulations then in force, rejecting Petitioner's contention that the exception described in Section 10.2–(c)(4) should have been applied. Section 10.2–(c) (4) provided:

> (4) Where the Assessor shall determine that the formulae herein prescribed are inapplicable or inequitable to the taxpayer and the District in any case, and that the net income of such taxpayer from within the District may be more accurately determined by the use of separate accounting, such taxpayer shall report its net income from within the District on the basis of separate accounting and the tax shall be assessed on such basis

Petitioner's contention is that the District of Columbia requirement that Petitioner treat its business as unitary and report on the apportionment formula for the 1961 fiscal year deprives it of the tax advantages to which it is entitled by virtue of the Commissioner of Internal Revenue's approval of its change of accounting procedures and D.C.CODE § 47–1561c (1961). Petitioner contends further that it is not a unitary business and that separate accounting gives an accurate measure of the amount of business done in the District of Columbia. Combining these two arguments, the gist of Petitioner's claim is that, even though in an ordinary year Petitioner's business may be treated as unitary and the apportionment method used to give an accurate picture of its District of Columbia business, separate accounting of the Washington Division is also appropriate and accurate, and that the Washington Division's change from accrual to install-

ment accounting in the 1961 fiscal year had such an effect that only separate accounting could give an accurate portrayal of Petitioner's local business in that year.

While this appeal was pending the Commissioners of the District of Columbia promulgated on June 3, 1965, amendments to the Franchise Tax regulations under which this case was decided by the Tax Court and those amendments purport to be applicable "in any case in which the liability of the taxpayer to the District of Columbia for corporation * * * franchise tax under the District of Columbia Income and Franchise Tax Act of 1947, as amended, has not been finally determined for any year by * * * a decision of a court which has become final." Section 10.2–(c)J.

Section 10.2–(c)I of the new regulations reads:

> I. General Provisions.—If the allocation and apportionment provisions of these regulations do not fairly represent the extent of the taxpayer's trade or business in the District or income from non-business sources within the District, the taxpayer may petition for or the Finance Officer may require, in respect to all or any part of the taxpayer's trade or business or non-business income, if reasonable—
>
> (1) separate accounting;
>
> (2) the exclusion of any one or more of the factors;
>
> (3) the inclusion of one or more additional factors which will fairly represent the extent of the taxpayer's trade or business in the District; or
>
> (4) the employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.

The regulations as amended, particularly Section 10.2–(c)I, just quoted, may be susceptible of a different interpretation from the regulations under which the case was decided by the Tax Court, in particular Section 10.2–(c) (4), *supra.*

Therefore, we conclude the appeal should be remanded to the Tax Court so that it may address itself to the applicability and effect of the amendment of June 3, 1965. Moreover, sections 10.2 through 10.2(d) of the new regulations establish a new formula for apportionment of income under the statute (D.C.CODE § 47–1580a), and the District of Columbia contends in this court that Petitioner's tax liability should be recomputed under this new formula.

We assume the Tax Court will permit the parties to file supplemental briefs directed to such questions as that court or the parties deem appropriate.

Remanded for further proceedings in the Tax Court.